Richard E. Williams, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued December 18, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*David A. Johnston, Jr.,* for petitioner.

*Mark Hodgeman,* Counsel, with him *Louis G. Cocheres,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY JUDGE CRAIG, January 18, 1982:

Richard E. Williams petitions for review of the State Civil Service Commission's order dismissing his appeal from being furloughed from his position as Transportation Construction Manager I (TCM-I) by the Pennsylvania Department of Transportation (PennDOT).

PennDOT furloughed the petitioner effective September 1, 1980 pursuant to staff reduction requirements. Under the provisions of Section 802 of the Civil Service Act,[1] PennDOT had prepared quartile rankings of all TCM-I's in June of 1978; the employees' positions were based on numerical scores derived from their last regular performance evaluation reports (PERs)—pre-printed forms including ten evaluation factors such as safety, dependability and initiative. As we stated in *Collins v. Pennsylvania Department of Transportation,* 37 Pa. Commonwealth Ct. 292, 390 A.2d 333 (1978), Section 802 requires the total number of employees within a rat-

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§741.1 *et seq.*

ing class to be equally divided into quarters based upon their respective PERs, with the least senior employee in the lowest quarter to be furloughed first.

Based on those rankings, PennDOT furloughed or demoted six TCM-I's in July of 1979. Thereafter, using the same list of TCM-I's, PennDOT redistributed the remaining names into quarters and furloughed three additional employees, including the petitioner.

Willard Weikel, an employee demoted in lieu of the first set of furloughs, had earlier appealed to the commission, which concluded that his demotion was improper because PennDOT failed to use uniform PER factors in its furlough considerations. Despite PennDOT's firm policy of basing furlough computations upon the ten PER factors pre-printed on the forms, PennDOT had compared one or more PERs using only *eight* factors with PERs rating employees on *ten* factors. The commission held that practice to be discriminatory,[2] and rightly so, because it obviously involved an apple-orange mingling of noncomparable PERs.

At the commission hearing which led to this appeal, the petitioner, who was not represented by counsel, attempted to raise an issue "based on" his PER. Because he was not permitted to proceed in relation to the PERs at all, we cannot be sure whether the petitioner was (1) attempting to challenge his own rating, which was beyond appeal, *Ellis v. Department of Transportation,* 33 Pa. Commonwealth Ct. 354, 381 A.2d 1325 (1978), or (2) directing his appeal to the current issue of the noncomparable PERs. However, the petitioner's "Appeal and Request for Hearing"

---

[2] *Weikel v. Department of Transportation,* Appeal No. 2786, April 13, 1980.

form plainly stated as one of his reasons for disputing PennDOT's furlough action: "Improper or illegal rating procedures." Thus, because the petitioner's written appeal form attacked the rating *procedure* as illegal, he expressly raised an issue distinct from the individual rating appeal barred in *Ellis*.

Even though PennDOT's second furlough action quite possibly had been based on the same list condemned as defectively prepared in the *Weikel* case, the commission concluded that the petitioner was properly furloughed, stating:

25. Appellant was one (1) of two (2) individuals in the fourth quarter in the first quartering of his furlough group.

26. Both individuals in the fourth quarter were designated for furlough.

. . . .

28. Appellant introduced no credible evidence to support his charge of discrimination.

Clearly, according the petitioner an opportunity to establish that PennDOT used the same list or ratings group in the petitioner's furlough as that which precipitated Weikel's demotion could have provided the commission with the same basis upon which to sustain the petitioner's appeal as the Commission followed in the *Weikel* case. Section 802, requiring furlough rankings to be based upon grouping "regular" ratings, cannot be read as tolerating the inclusion of irregular rating(s) in the determination.

Accordingly, we reverse, and remand for further hearing, where the petitioner shall have the opportunity to present evidence that performance rankings were defective because one or more TCM-I's were rated on eight PER factors while others were rated on ten PER factors.

ORDER

Now, January 18, 1982, the order of the Pennsylvania Civil Service Commission, No. 2787, dated July 30, 1980, is reversed, and the matter is remanded for proceedings consistent with this opinion.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.