Commonwealth of Pennsylvania, Insurance Department, Petitioner *v.* Michael Tracz, Respondent.

Argued November 17, 1982, before Judges Rogers, Williams, Jr. and Craig, sitting as a panel of three.

*Hannah Leavitt,* Assistant Counsel, with her *Anthony A. Geyelin,* Chief Counsel, for petitioner.

*Joseph J. Dixon,* for respondent.

OPINION BY JUDGE WILLIAMS, JR., October 13, 1983:

The Pennsylvania Insurance Department (Department) appeals from an order of the State Civil Service Commission (Commission) sustaining the appeal of Michael Tracz (Tracz). On June 2, 1981, the Commission issued an order overruling the furlough of Tracz from his position as Administrative Officer I, regular status. Tracz was employed as an Administrative Officer I (AOI) in the Department's Bureau of Administrative Services. The Commission found that the Department had furloughed Tracz in violation of the furlough procedures mandated by Section 802 of the Civil Service Act[1] (Act) and that the Department's action was discriminatory under 905.1 of the Act.[2]

On or about August 4, 1980, the Director of the Bureau of Administrative Services prepared the Insurance Department's budget for fiscal year 1980-81. That budget was subsequently approved by the Governor's Budget Office. The summary of the budget indicated that the Department had a personnel funding deficit for the 1980-81 fiscal year. As a result,

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.802.

[2] Section 905.1 of the Act, 71 P.S. §741.905a, was added by Section 25 of the Act of August 27, 1963, P.L. 1257.

the Department was forced to make reductions in its work force.

On August 20, 1980, the Department notified Tracz that, due to the deficit in the Department's personnel funding, his position would be abolished and he would be furloughed, effective September 24, 1980. By a letter dated September 9, 1980, Tracz informed the Commission that he wished to appeal his permanent furlough. Subsequently, on September 19, 1980, Tracz filed his appeal to the Commission, asserting that the furlough action was discriminatory. Accordingly, he requested a hearing pursuant to Section 951(b) of the Act, 71 P.S. §741.951(b).[3] On November 18, 1980, the Commission conducted a public hearing. At the outset, Tracz was permitted to amend the grounds for his appeal to include an allegation that Section 802 of the Act was violated. Hence, the latter ground for appeal was heard pursuant to Section 951(a) of the Act, 71 P.S. §741.951(a).[4]

On the basis of the evidence adduced at the November 18, 1980 hearing, the Commission found that the Department had a deficit of approximately $259,-

---

[3] Section 951(b) of the Act was added by Section 27 of the Act of August 27, 1963, P.L. 1257. Section 951(b) affords the right to an appeal to any person who is aggrieved by a violation of Section 905.1 of the Act. Section 905.1 prohibits discriminating "against any person in . . . retention or any other personnel action . . . because of labor union affiliations or because of race, national origin or other non-merit factors." Tracz bears the burden of proving a discriminatory basis for the furlough. 4 Pa. Code §105.16(a) ; *Laws v. Philadelphia County Board of Assistance*, 50 Pa. Commonwealth Ct. 340, 412 A.2d 1377 (1980).

[4] Section 951(a) of the Act was added by Section 27 of the Act of August 27, 1963, P.L. 1257. It provides a general right to appeal on the grounds that the furlough action was taken in violation of the provisions of the Act. The Department had the burden of going forward with evidence to show that the furlough was not in violation of the provisions of the Act. 4 Pa. Code §105.15.

000.00, which could be decreased by $212,000.00 through the attrition of approximately sixteen positions. The remaining deficit of $47,000.00 could be absorbed by eliminating five positions, which action the Department determined could be accomplished by eliminating one position in each of the Department's five major program areas. The position selected for elimination within the Bureau of Administrative Services was Tracz'. At the time of Tracz' furlough, the Department employed three persons in the class of positions designated AOI. The other two AOI positions were in the Department's legal and liquidation divisions.

Section 802 of the Act provides, in pertinent part, that:

> In case a reduction in force is necessary in the classified service, no employe shall be furloughed while any probationary or provisional employe is employed in the same class in the same department or agency, and no probationary employe shall be furloughed while a provisional employe is employed in the same class in the same department or agency. *An employe shall be furloughed only if at the time he is furloughed, he is within the lowest quarter among all employes of the employer in the same class on the basis of their last regular service ratings, and within this quarter he shall be furloughed in the order of seniority.* ... (Emphasis added.)

Section 3(g) of the Act, 71 P.S. §741.3(g), defines "class" or "class of positions" as:

> [A] group of positions in the classified service which are sufficiently similar in respect to the duties and responsibilities thereof that the same descriptive title may be used for each of such positions, the same requirements as to experience, knowledge and ability are demanded of

incumbents, the same tests of fitness may be used to choose qualified appointees, and the same schedule of compensation may be made to apply with fairness under like working conditions.

Despite the mandate of Section 802 of the Act,[5] the Department did not include the two other AOI positions in the same class as Tracz for furloughing purposes. Also, the Department did not compare Tracz' performance evaluation reports with those of the other two classified-service employees employed in AOI positions. The Department attempted to justify its manner of furloughing Tracz by asserting that the three AOI positions in the Department constituted three distinct classes of classified-service positions. However, the Commission found that all three AOI positions belonged to one class of classified-service positions, and that there was no justification for the Department's deviation from the furlough procedures mandated by Section 802 of the Act. Consequently, the Commission concluded that Tracz was improperly furloughed, and that the Department violated Section 905.1 of the Act by discriminating against Tracz. Thus, the key issue raised by the Department in its appeal to this Court is whether the three AOI positions constitute one class or three distinct classes.

Before we address the merit of the Department's arguments we must note the basis for these arguments. The Department asserts that it was authorized by the Executive Director of the State Civil Service Commission to apply selective certification criteria

---

[5] Section 802 of the Act requires the total number of employees within a rating class to be equally divided into quarters based upon their respective performance evaluation reports, with the least senior employee in the lowest quarter to be furloughed first. *Williams v. Department of Transportation*, 64 Pa. Commonwealth Ct. 153, 439 A.2d 233 (1982).

to determine, for furlough purposes, the number of positions within a class. So, with authorization from the Executive Director, the Department used selective certification criteria and determined that Tracz did not possess the requisite skills, training, and knowledge which would qualify him for the two other AOI positions. As a result, the Department asserted that Tracz belonged to a class containing only one position —his.

The Department argues that the particular duties performed by the other two AOI positions required special skills, training and knowledge as prerequisites to holding the positions. The Department contends that since special skills, training, and knowledge were required for the other AOI positions, those positions were governed by selective certification criteria; and that a civil servant who does not possess those special skills, training, and knowledge could not hold either of those two positions. Hence, according to the Department, Tracz could not be considered a member of the same class as the other two civil servants who possess those special skills, training, and knowledge. Thus, the Department contended that three classes of AOI positions existed, and that the furlough procedure it used was proper.

During the hearing before the Commission the Department laid the factual foundation on which it bases its legal arguments. But, the Commission, having not been fully convinced of the assertions of the Department, did not accept the Department's arguments. The Commission observed that selective certification criteria are those factors which validly distinguish one position from others in the same classification, and that they are used when candidates are appointed to the classified service. *See* Section 501 of the Act, 71 P.S. §741.501. However, the Commission found that the Department did not present any evidence that

selective certification criteria were applied when appointments were made to the three AOI positions involved in this case. Consequently, the Commission concluded that any differences in the skills, training, and knowledge possessed by the other two civil servants employed in AOI positions must have arisen as a result of post-appointment training and experience. Therefore, since the same descriptive title was initially used for the three positions, and selective certification criteria were not used when appointments to those positions were made, then all of the AOI positions must be considered one class of classified-service positions for furlough purposes.

After reviewing the record we do not find that the Commission made any errors of law, or that any constitutional issues are involved.[6] Moreover, we agree with the Commission that the Department failed to present sufficient evidence to establish that the two AOI positions in the legal and liquidation divisions of the Department were selectively certified when the appointments were made to those positions. Furthermore, no legal authority has been presented to legitimate the action of the Commission's Executive Director authorizing the application of selective certification criteria in this case. Therefore, we hold that the Department's failure to place the three AOI positions in a single class for the purpose of furlough determination violated Section 802 of the Act. However, as to the charge of discrimination, there is insubstantial evidence on the record to support the Commission's conclusion that the Department discriminated against

---

[6] Our scope of review of Civil Service Commission adjudications is limited to a determination of whether the petitioner's constitutional rights have been violated, an error of law has been committed, or a necessary finding of fact was unsupported by substantial evidence. *Woodville State Hospital, Department of Public Welfare v. Ault*, 70 Pa. Commonwealth Ct. 112, 452 A.2d 617 (1982).

Tracz. Although the Department committed a procedural error with regard to Tracz, such an error is not necessarily the equivalent of discrimination. *Silverman v. Department of Education*, 70 Pa. Commonwealth Ct. 444, 454 A.2d 185 (1982).

The Commission's order in this case directed the Department to recompute the relative furlough rankings of all persons in the AOI classification as of the date such computations were originally made. The Commission's order also directed the Department to reinstate Tracz with back pay for the period from September 24, 1980, if after recomputation it is determined that he ranks high enough to be retained. We affirm the Commission's order, but only insofar as it is based on Section 802 of the Act.

ORDER

AND Now, the 13th day of October, 1983, the order of the State Civil Service Commission in the above matter is affirmed, but only insofar as the order is based on Section 802 of the Civil Service Act.