Richard E. Williams, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued September 14, 1983, before Judges WILLIAMS, JR., DOYLE and BARBIERI, sitting as a panel of three.

David A. Johnston, Jr., for petitioner.

Michael J. McCaney, Jr., Assistant Counsel, with him Ward T. Williams, Chief Counsel, and Jay C. Waldman, General Counsel, for respondent.

OPINION BY JUDGE DOYLE, December 14, 1983:

Petitioner appeals from the order of the State Civil Service Commission which affirmed the action of the Department of Transportation in furloughing the Petitioner from his position as Transportation Construction Manager I.

As required under Section 802 of the Civil Service Act,[1] Petitioner's furlough was determined by a ranking system under which the Department compared employees' scores derived from recent performance

---

[1] Act of August 5, 1941, P.L. 752, as amended, 71 P.S. §741.802.

evaluation reports (PERs).[2] In compiling the scores which were the basis for Petitioner's furlough ranking, the department used PERs which were not based upon the same number of performance factors.[3]

In Petitioner's initial appeal to our Court, *Williams v. Department of Transportation*, 64 Pa. Commonwealth Ct. 153, 439 A.2d 233 (1982) *(Williams I)*, we remanded this case for further evidence, citing with approval the Commission's case of *Weikal v. Department of Transportation*,[4] in which the Commission found the Department's practice of comparing PERs based upon different performance factors to be discriminatory, requiring reinstatement of the employee.

On remand to the Commission, it was established that the furlough determination in this case was made by comparing PERs based upon different factors. The Commission distinguished this case from their decision in *Weikal*, however on the basis of additional evidence indicating that the Petitioner would still have been furloughed had only common PER factors been considered.[5] On the basis of this evidence, the Com-

---

[2] Each PER contains ten evaluation factors: Quality of work, work habits, relationship with people, dependability, quantity of work, initiative, analytical ability, ability as supervisor, administrative ability, and safety. Scores are determmed by assigning numerical values to each factor evaluated and dividing the sum of the values by the number of factors considered. Employees within the same rating class are then equally divided into quarters based on their scores, with the least senior employee in the lowest quarter to be furloughed first. *See Collins v. Department of Transportation*, 37 Pa. Commonwealth Ct. 292, 390 A.2d 333 (1978).

[3] Within Petitioner's furlough unit of ten employees, four PERs were based upon ten factors, five were based upon nine factors, and one was based upon eight factors.

[4] *Weikal v. Department of Transportation*, Appeal No. 2786, April 13, 1980.

[5] The Department recalculated the scores omitting those rating factors not held in common by all employees: analytical ability, ability as supervisor, and administrative ability. Under the new scores, Petitioner was still ranked among those to be furloughed.

116

mission found that the Petitioner suffered no prejudice by the Department's error, and refused reinstatement.

The Commission's decision on remand is not consistent with this Court's prior opinion, in which we concluded that the Department's procedure was itself invalid as contrary to statute. In *Williams I* we stated:

> Section 802, requiring furlough rankings to be based upon grouping "regular" ratings, cannot be read as tolerating the inclusion of irregular rating(s) in the determination.

*Id.* at 156, 439 A.2d at 235. From this language it is clear that *any* determination involving an impermissible comparison of dissimilar PERs shall be considered invalid. There is no additional requirement that such a determination be shown to be prejudicial to the party involved, nor is such a requirement mentioned in *Weikal.*[6] Our Court remanded this case solely for the factual determination of whether the impermissible furlough rating procedure used in *Weikal* was present here. Once that fact was established, the Commission should have found that Petitioner's furlough was itself invalid, regardless of the prejudice or lack of prejudice which resulted from the procedure.

Accordingly, we must reverse the decision of the Commission.

## ORDER

Now, December 14, 1983, the decision and order of the State Civil Service Commission in the above referenced matter, dated October 29, 1982, is hereby reversed. The Petitioner is hereby ordered reinstated

---

[6] In *Weikal,* there was no finding that the Petitioner would not have been furloughed had a valid procedure been followed. Petitioner met his burden of proof by simply showing that the Department used dissimilar PERs in making its determination.

and this matter is remanded to the State Civil Service Commission for the appropriate proceedings to determine backpay and benefits owed Petitioner for the period of his furlough. Jurisdiction is relinquished.