539 A.2d 456

Myron Pronko, Petitioner *v.* Commonwealth of Pennsylvania, Department of Revenue, Respondent.

Argued April 23, 1987, before Judges DOYLE, BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Kathleen Carey Daley*, for petitioner.

*Anniken U. Horton*, Assistant Counsel, with her, *George T. Bell*, Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, March 16, 1988:

This is an appeal by Myron Pronko (Appellant) from an order of the State Civil Service Commission (Commission) which sustained in part and dismissed in part Appellant's appeal of his furlough from his position as Revenue Audit Manager, regular status.

The Commission found that at the time of the furlough Appellant was employed by the Department of Revenue (Appointing Authority) in the position of Revenue Audit Manager in the Appointing Authority's headquarters office (Harrisburg). His duties involved supervision of the Appointing Authority's central audit group which group was responsible primarily for liquid fuels and sales tax audits. Of the five major divisions in the Appointing Authority's Bureau of Audits, two were supervised prior to Janaury 19, 1985 by employees in Appellant's classification. In approximately September, 1984, the Appointing Authority elected to reorganize its Bureau of Audits; said reorganization involved establishing seven regional offices. Each office would be responsible for all types of audits including those previously performed by employees supervised by Appellant. The reorganization was implemented in the period from January through June of 1985, and auditors who had worked under Appellant's supervision were moved out of the central audit group.

By letter dated May 28, 1985, Appellant was notified of his furlough effective at the close of business on June 28, 1985. By letter dated May 29, 1985, Mr. George Otto, a Revenue Audit Manager employed in the Appointing Authority's Harrisburg *district* office, was notified of his reassignment to a position at the *headquarters* office (Appellant's worksite) effective May 31, 1985. This individual was included in Appellant's furlough unit for purposes of performing the review of employees to be furloughed pursuant to Section 802 of

the Civil Service Act,[1] (Act) and the accompanying regulation.[2] Appellant's furlough unit as defined by the Appointing Authority, thus consisted of three persons: Appellant, Mr. Beradone, and Mr. Otto. On the basis of the furlough calculations, determined by performance evaluation reports (PERs) and seniority, Appellant ranked third, Otto second, and Beradone first; the Appointing Authority, nonetheless, furloughed Beradone and Appellant while retaining Otto. Both furloughees appealed separately to the Commission. By separate order and adjudication, the Commission sustained Beradone's appeal and directed that the Appointing Authority reinstate him to his position as Revenue Audit Manager. The Commission, in the Beradone adjudication, specifically determined that inclusion of Otto in the furlough unit was improper and found that the Appointing Authority sought to "pick and choose" whom it would furlough.[3]

Appellant appealed his furlough to the Commission under both Section 951(a)[4] of the Act (providing for an appeal as of right by a regular status employee from, *inter alia,* a furlough) and Section 951(b)[5] (providing for an appeal as of right by any person who believes he has been discriminated against in violation of the Act). The

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.802.

[2] 4 Pa. Code §101.1.

[3] By memo dated February 4, 1981 the Commission's Deputy Director had temporarily approved the Appointing Authority's use of separate furlough units for the headquarters offices and the district offices. Commission finding of fact No. 6. *See generally* 4 Pa. Code §101.1(b).

[4] 71 P.S. §741.951(a). Section 951(a) was added by Section 27 of the Act of August 27, 1963, P.L. 1257.

[5] 71 P.S. §741.951(b). Section 951(b) was added by Section 27 of the Act of August 27, 1963, P.L. 1257.

Commission dismissed the appeal generally but sustained the appeal insofar as backpay was awarded for the period between Appellant's effective date of furlough, June 28, 1985, and August 9, 1985, the approval date of the reorganization.

Appellant alleges several reasons why the Commission's determination in his case should be overturned. First, he asserts that because the Appointing Authority did not designate the proper furlough unit, the entire furlough procedure is tainted and must, therefore, be redone. The Commission, however, determined that although the Appointing Authority did not properly define the furlough unit, (having improperly included Mr. Otto), even if it had properly delineated the furlough unit, Appellant still would not have been the employee retained. In other words, it found that the incorrect designation of the furlough unit did not harm Appellant; he would have been furloughed in any event because Beradone had more seniority than he did. Appellant maintains that the Commission's requirement that he show that he was actually prejudiced by the improper furlough unit designation is in violation of this Court's decision in *Williams v. Department of Transportation,* 79 Pa. Commonwealth Ct. 113, 468 A.2d 547 (1983).

In *Williams* we held that where an appointing authority utilizes non-uniform PERs for purposes of compiling furlough rankings an appealing employee need not show actual prejudice to sustain his burden because the *non-uniform PERs* themselves prejudiced the employee. Our holding there was premised upon the fact that where non-uniform PERs are used there is absolutely no way to rectify the non-uniformity short of redoing all ratings. This is because it is impossible to say that if certain non-uniform categories were excluded at the time the furlough calculations were made—so that PERs for all employees would have contained uniform

categories—the exclusion would have resulted in the employees receiving the same ratings. For example, the PERs in question here contain a category for "planning" and one for "directing." If one individual scored "10" in planning "8" in "directing" his average would be "9." If, however, the category of "planning" were omitted he might still receive an "8" in "directing," making his average only "8,"; on the other hand, because the rater could *subjectively* include "planning" in "directing," since it would not be specifically included elsewhere, the individual might have received a "9," making his average "9."

What this example serves to demonstrate is that a showing of actual prejudice cannot be required where the technical violation of Section 802 consists of the use of non-uniform PERs because such burden would be impossible to met due to the *subjective* nature of the initial rating process.

The instant case, however, does not involve the use of non-uniform PERs. What it does involve is the improper designation of a furlough unit. Thus, the case which is most relevant to the issue presented to us now is *Insurance Department v. Tracz*, 77 Pa. Commonwealth Ct. 502, 466 A.2d 269 (1983). In *Tracz* the appealing employee asserted that two other employees were not included in his furlough unit but should have been. He further maintained that the failure to include the two employees resulted in his being the furloughee when such was not the proper result. We held in *Tracz* that where there is a mis-designation of the furlough unit, Section 802 of the Act is violated. In *Tracz*, however, there was no evidence as to which employee was the proper furloughee. Therefore, the Commission ordered the appointing authority to recompute the relative furlough rankings of all employees in the relevant furlough unit. Additionally, it ordered that *if* after the

recomputation was completed it was determined that Tracz should have been retained, then he was to be reinstated, and receive backpay for the period of his improper furlough. This Court affirmed that remedy but only on the basis that Section 802 had been violated.

The instant case involves a situation where the furlough unit was overinclusive rather that underinclusive as in *Tracz*. Yet, the problem is generically the same. The furlough unit is mis-designated. What distinguishes the two cases is that the *Tracz* case lacked evidence of whether or not there was personal harm to the appealing employee due to the mis-designation, while the instant case does not. Thus Appellant here is not entitled to the remand and the recomputation remedy afforded Tracz because we already know that Beradone is the employee who should have been retained, even over Appellant herein.

Further, what distinguishes *Tracz* and the instant case from *Williams* is that unlike PER calculations, the accuracy of the furlough unit designation can be *objectively* determined after the fact. This is because whether one was properly included within the furlough unit does not involve comparisons of non-uniform standards, but merely involves assessing the appropriate administrative entity for furlough purposes at the relevant moment in time.

It is clear that under our holding in *Tracz* a Section 802 technical violation *has* been established in the instant case. But it is also true that violation was not harmful to Appellant, and hence, he is entitled to no relief under *Tracz*. And, while the Commission erroneously did not conclude that mis-designation of a furlough unit in and of itself constituted a violation of Section 802, because it reached the right result and denied relief under Section 802 insofar as the violation of the furlough unit provision was concerned, we may affirm its determination. *See Gregorious v. Workmen's Com-*

*pensation Appeal Board (European Health Spas),* 87 Pa. Commonwealth Ct. 86, 93 n.5, 486 A.2d 564, 567 n.5 (1985).

As just noted, the Commission did find a violation of Section 802 for another reason, and thus, it partially sustained Appellant's appeal. Specifically, the Commission determined that the furlough was actually implemented prior to the Executive Board's approval of the reorganization in August, 1985 and that the furlough action on the date it was implemented was therefore violative of Section 802. Thus, the Commission directed that Appellant was entitled to reimbursement of wages and emoluments from June 28, 1985 (actual furlough date) through August 9, 1985 (date of approval of reorganization). Appellant, however, asserts that because the furlough was implemented prior to the approval of the reorganization, the entire furlough procedure is void *ab initio.* It is well settled that the furlough of a civil servant may be premised only upon a lack of work or a lack of funds. *See* Section 3(s) of the Act, 71 P.S. §741.3(s); 4 Pa. Code §101.1(a); *Department of Public Welfare v. Magrath,* 14 Pa. Commonwealth Ct. 257, 321 A.2d 403 (1974). Appellant would apparently argue that because there was neither a lack of work nor a lack of funds as of his furlough date, the furloughs must be completely redone. We cannot agree with such an extreme reading of the statute which would certainly exalt form over substance. This Court has previously recognized the Commission's authority to fashion appropriate remedies under both Section 951(a), *see Elias v. Department of Public Welfare,* 98 Pa. Commonwealth Ct. 218, 511 A.2d 887 (1986), and Section 951(b), *see Pennsylvania Board of Probation and Parole v. Baker,* 82 Pa. Commonwealth Ct. 86, 474 A.2d 415 (1984). Moreover, as an administrative agency, the Commission is regarded as an expert on matters within its own jurisdiction. It has determined that reimbursement for

emoluments and wages in a situation such as this is an appropriate remedy. We have previously upheld just such a remedy, *see Eastern Pennsylvania Psychiatric Institute v. Russell,* 77 Pa. Commonwealth Ct. 390, 465 A.2d 1313 (1983), and we do so again here.

Requiring that the entire furlough process be implemented where it is clear from the record how it can be corrected *(i.e.,* by ordering backpay and reinstatement of the wrongfully furloughed individual, Beradone, to the position) would not comport with the legislature's aim of greater efficiency in the administration of government. *See* Section 2 of the Act, 71 P.S. §741.2. And, it must be recalled that Appellant himself has "been made whole" by the reinbursement of his wages and emoluments for the period of the improper furlough. Accordingly, we hold that the Commission properly acted within its authority and discretion in fashioning the remedy it did and that the Act does not require in cases such as this that the entire furlough process be redone.

Appellant's final contention is that the Commission erred in not finding a violation of Section 905.1 of the Act[6] (prohibiting discrimination on the basis of non-merit factors) after it determined that the Appointing Authority's picking and choosing of the furloughees was improper under Section 802.

We begin by recognizing that in cases involving discrimination, the burden rests with the employee to establish a prima facie case of disparate treatment. 4 Pa. Code §105.16. In addition, it is important to recognize that there is a distinction between a discriminatory intent and a discriminatory effect. And, in matters such as the instant one, involving an allegation of a procedural

---

[6] 71 P.S. §741.905a. Section 951 was added by Section 25 of the Act of August 27, 1963, P.L. 1257.

irregularity, the cases have appeared to be somewhat contradictory and in confusion on the question of whether discriminatory intent need be shown.[7] *See, e.g., Pennsylvania Board of Probation and Parole v. Baker, (Baker I)* 51 Pa. Commonwealth Ct. 501, 414 A.2d 1117 (1980) *appealed again after remand sub. nom. Alterman v. Baker, (Baker II)* 71 Pa. Commonwealth Ct. 124, 454 A.2d 1154 (1983), *appealed again after remand sub. nom. Pennsylvania Board of Probation and Parole v. Baker, (Baker III)* 82 Pa. Commonwealth Ct. 86, 474 A.2d 415 (1984) (no showing of intent required where Appointing Authority violated Section 501 of the Act, regarding promotion, by conducting improper and unauthorized testing); *but see. Silverman v. Department of Education,* 70 Pa. Commonwealth Ct. 444, 454 A.2d 185 (1982) (delay in exposing employee to furlough is a procedural error but is not necessarily the equivalent of discrimination); *Tracz* (mis-designation of a furlough unit, although a procedural error, is not necessarily the equivalent of discrimination).

Today, in order to clear up this confusion we adopt a specific approach to these cases. We do so recognizing that where an appeal of any type of personnel action is brought before the Commission by a probationary employee *or* where an appeal of an action other than a removal, suspension, demotion or furlough is brought by a regular status employee, the only avenue of appeal open to the complaining individual is via Section 951(b) of the Act. Section 951(b) provides for an appeal only where discrimination in violation of Section 905.1 of the Act is specifically alleged. This restricted appeal right emanates from Section 951(a) of the Act which authorizes

---

[7] *See generally* Rand, An Examination of Discrimination under the Pennsylvania Civil Service Act, 25 Duq. L. Rev. 209, 232-36 (1987).

an appeal alleging a violation of the Act (as opposed to alleging discrimination) *only* where the employee is regular status and the personnel action is a removal, suspension, demotion or furlough. *Lynch v. Department of Public Welfare*, 30 Pa. Commonwealth Ct. 235, 373 A.2d 469 (1977). It is also significant that when the appeal is brought under Section 951(a), the burden is on the appointing authority to set forth a *prima facie* case demonstrating compliance with the Act. 4 Pa. Code §105.15(a). In appeals brought under Section 951(b), however, as previously indicated, the burden rests with the complaining individual.

Thus, where, as here, a regular status employee appeals a furlough alleging what is in essence a statutory violation of the furlough provision in Section 802 and where the employee either has been harmed or it is impossible to determine whether he could have been harmed by the violation, we believe that that allegation is best analyzed and treated as a Section 951(a) appeal. Traditional forms of discrimination (race, sex, etc.) in the context of a furlough are, of course, to be appealed under Section 951(b). By utilizing this approach it becomes unnecessary in this case and in analogous situations (*i.e.,* furlough of a regular status employee alleging non-compliance with the technical requirements of Section 802, such as in *Tracz* and *Silverman)* to reach the discrimination issue.

In contrast, where a technical violation of the Act is alleged and the only appeal route open is via Section 951(b), the case *must* be analyzed in the context of a discrimination claim. The most common situation where this occurs is a non-selection for promotion action. The *Baker* trilogy is a good example. The allegation in *Baker I* was unauthorized testing in violation of Section 501 of the Act. That adverse personnel action is not within the select few whose appeal is authorized under Section

951(a). Accordingly, in order to secure a hearing and, ultimately, relief, the appeal must be brought under Section 951(b) and discrimination must be alleged and proven. *See, e.g., Lynch.* We recognized in *Baker I* and *Baker II* that in such a case a technical violation of the Act constitutes discrimination *per se.* We reiterate that view today, but hold, in addition, that in order to gain some type of relief there must be evidence that the complaining individual was, in fact, harmed because of the technical non-compliance with the Act *or* evidence that because of the peculiar nature of the procedural impropriety he *could have* been harmed but there is no way to prove that for certain. *Williams* and *Baker I* are prime examples of the latter situation. The proof problem in *Williams* was previously discussed. In *Baker* selection for promotion was based only upon an unauthorized test; hence, there was no way to determine whether an aggrieved employee would have been the successful candidate absent the unlawful testing procedures because no lawful standards for selection had been established by the appointing authority. Thus, as in *Williams,* the aggrieved employee in *Baker* had an impossible proof problem.

We also take this opportunity to clear up the confusion on the question of intent by holding that in cases brought under Section 951(b) where a technical violation of the Act (sometimes referred to as a procedural error, procedural impropriety or procedural "discrimination") constitutes the alleged discrimination, no showing of intent is required. *Accord State Correctional Institution at Graterford v. Goodridge,* 87 Pa. Commonwealth Ct. 527, 487 A.2d 1036 (1985) (holding that in a case where the appointing authority makes a "factual," as opposed to "procedural" mistake, intent need not be shown). The reason for our holding is that often in cases of technical non-compliance what has occurred is ad-

ministrative error or mistake. Thus, intent to discriminate could not be shown because it is frequently nonexistent. *See supra* n.7, Rand at p. 236. We believe that the Act's purpose, promoting the making of unbiased personnel decisions based upon job-related criteria, would not be furthered were we to permit a mistake which causes a deserving employee to be passed over for promotion to go unrectified. We wish to emphasize, however, that our holding does not excuse the complaining individual from proving intent in the traditional type of discrimination case.[8]

Although under the rationale set forth above this case should be considered only in the context of a Section 951(a) appeal, in fairness to Appellant here we shall proceed to analyze the case as a Section 951(b) appeal as well. Appellant has shown a technical violation of the Act (misdesignation of the furlough unit). He has also done more than we require, *i.e.*, demonstrated an intent to discriminate on the part of the Appointing Authority. What he has not shown, however, is that he was or could have been harmed by the procedure. Therefore, he has not demonstrated a right to relief. For this reason the Commission's order must be affirmed.

Judge BARRY concurs in the result only.

### ORDER

Now, March 16, 1988, the order of the State Civil Service Commission, Appeal No. 5811, dated March 22, 1986 is hereby affirmed.

---

[8] To the extent that *Tracz, Silverman* and *Williams* in discussing the discrimination claims suggest an approach which is different than the analysis just enunciated, we note that discussion of the discrimination claims in those cases was, as the present analysis demonstrates, unnecessary.