# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robin D. Anderson,      :
      Petitioner  :
           :
    v.      : No. 159 C.D. 2015
           : SUBMITTED: September 11, 2015
State Civil Service Commission  :
(Pennsylvania State Police),   :
      Respondent :


**BEFORE:**  **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
      **HONORABLE ROBERT SIMPSON,** Judge
      **HONORABLE JAMES GARDNER COLINS,** Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**       **FILED: January 5, 2016**


    Petitioner, Robin D. Anderson, proceeding *pro se*, petitions for review of the State Civil Service Commission's decision dismissing her appeal challenging the termination of her employment with the Pennsylvania State Police (PSP). We affirm.

    Petitioner was employed by the PSP as an Information Technology (IT) Generalist Administrator from March 2006 until August 26, 2013. In this position, her duties, *inter alia*, included: communicating effectively, both orally and in writing; establishing and maintaining effective working relationships amongst clients, team members and stakeholders; managing all phases of assigned IT projects; negotiating and managing contracts; scheduling and conducting effective project and technical exchange meetings; and analyzing business

problems and document as-is and to-be work flows using common analysis methods and tools. Commission's Opinion at 5.

In an interim employee performance review (EPR) covering the period from March 1, 2010 until November 30, 2010, Petitioner received a "satisfactory" rating overall, but under the communications category she received a "needs improvement" rating because she failed to communicate effectively or in a timely manner, lacked clarity of expression, was inconsistent in keeping others informed, and failed to listen effectively at times. Reproduced Record (R.R.) at AA13. In her annual EPR covering the time period March 1, 2010 through March 1, 2011, her overall performance was rated "satisfactory," but the same comments and rating were made regarding her communication skills. *Id*. at AA15. Petitioner's overall performance was rated as "needs improvement" in an interim EPR covering the period of August 1, 2011 through December 31, 2011 based upon deficiencies in her communication skills and initiative and problem solving skills. Petitioner failed to resolve routine problems, exhibited little initiative in identifying problems, solutions, or improvements and/or working proactively as part of a team to address issues of concern and required more than routine supervision. *Id*. at AA16. Petitioner's performance was rated "unsatisfactory" in an interim EPR covering the period from March 1, 2012 through July 31, 2012 because her communication skills were "unsatisfactory," and her initiative and problem solving skills, interpersonal relationship skills and work habits were rated as "needs improvement." *Id*. at AA17. Petitioner received a rating of "needs improvement" in the EPR covering August 1, 2012 through November 30, 2012 because of deficiencies in her communication skills, interpersonal and relationship skills and work habits. *Id*. at AA18. Petitioner received a rating of "needs

improvement" for her annual review covering the period of March 1, 2012 through March 1, 2013, because her communication skills, initiative and problem solving skills, interpersonal and relationship skills, and work habits were rated as "needs improvement." *Id*. at AA20.

Petitioner's employment history with the PSP also includes written reprimands and other discipline. Petitioner received a written reprimand on January 25, 2011, for being argumentative, refusing to accept responsibility for omissions and oversights, and acting in an insubordinate manner. Supplemental Reproduced Record (S.R.R.) at 647b. On June 25, 2012, Petitioner was notified of alternative discipline in lieu of suspension without pay for unsatisfactory job performance, which included an inability to grasp and apply job knowledge to job functions, communicate effectively, demonstrate initiative, and interact effectively or productively with others. S.R.R. at 651b. On August 28, 2012, Petitioner received a written reprimand for violations of work rules governing deportment, performance of duty, and assignments and responsibilities. S.R.R. at 653b. On November 9, 2012, Petitioner was notified that she was suspended without pay for one workday for conducting herself in a discourteous and insubordinate manner to her supervisors. S.R.R. at 655b. On March 25, 2013, Petitioner was notified of alternative discipline in lieu of suspension without pay for work performance that needed improvement because she failed to produce results due to an inability to courteously interact with others and communicate effectively. S.R.R. at 658b.

On August 26, 2013, the PSP terminated Petitioner's employment. The termination letter stated:

> As indicated in your interim [EPR] for the rating period of March 2013-June 2013, your performance continues to be substandard, which has severely

3

hampered your ability to successfully perform the requirements of your position. During this rating period, you have continued to need an extraordinary amount of direction and guidance from your supervisor regarding assignments you are to perform ….

You also have continued to fail to demonstrate the ability to communicate effectively, follow directions you have received and interact with others in a courteous and professional manner. Your failure to effectively communicate and demonstrate the ability to take initiative has made it difficult to assign projects to you.

Due to your inability to effectively perform the full range of duties of your position, the Bureau of Liquor Control Enforcement (BLCE) requested to have a different Project Manager assigned to the incident management system project. In addition, personnel associated with the [Disaster Recovery] project to which you were assigned, have expressed a great deal of frustration in regard to working with you.

Your work performance has not improved despite the fact that these deficiencies have been brought to your attention in past [EPRs], during regular and frequent communication from your supervisor and through past disciplinary action. You have failed to heed the corrective actions that have been taken to impress upon you the serious consequences that can result from failure to comply with the regulations, procedures, and performance standards established for your position ….

You have been receiving interim [EPRs] since 2011. During this period, you have had difficulty interacting successfully with your supervisor and others with whom you must work. You were removed from the PICS rewrite project at the request of the business owner due to your inability to communicate effectively. In addition, you have been unable to complete other assignments due to your inability to grasp Department functions from verbal and existing written descriptions. You have continuously stated that you do not understand the processes or procedures you are expected to follow and expressed unfamiliarity with the offices that are the

business owners of projects to which you are assigned

….

S.R.R. at 660b-661b. The PSP found that Petitioner's actions and work performance violated PSP Administrative Regulation 4-6 (Rules of Conduct for Employees), Section 6.03 (A) Deportment, Section 6.05 (D) Assignments and Responsibilities, and Section 6.05 (E) Competency. *Id*.

Petitioner, proceeding *pro se*, appealed the termination of her employment to the Commission, which held three hearings in January 2014. Petitioner's supervisors, Janice Brzana, Michael Shevlin and Jerry Lennington, along with several of her co-workers testified for the PSP. The supervisors testified extensively regarding Petitioner's work performance and the annual and interim EPRs. The other PSP witnesses testified regarding the difficulties they had communicating with Petitioner and the difficulties they had working with her on various projects. Damien Graeff, an independent consultant who worked on projects with Petitioner during her employment with PSP, and Jerry Britton, who worked with her on the Disaster Recovery project, testified on her behalf. Petitioner testified that, while working for the PSP, she did not receive an annual EPR until April 2011, several months after she filed a discrimination complaint. She asserted that the negative review was discriminatory and in retaliation for her filing a complaint with the Equal Employment Opportunity Commission (EEOC). Petitioner also testified that the PSP denied her training opportunities and access to tools and information she deemed necessary to perform her duties. Petitioner testified regarding her best efforts to complete the projects to which she was assigned. Much of her testimony was contradictory to the testimony provided by the PSP's witnesses.

The issues before the Commission were: 1) whether the record contained evidence establishing that Petitioner's removal was imposed for cause sufficient under Section 807 of the Civil Service Act (Act), 71 P.S. § 741.807;[1] and 2) whether the removal was due to discrimination in violation of Section 905.1 of the Act, 71 P.S. §741.905a.[2]  The Commission concluded that the PSP had established a prima facie case of inadequate performance through the introduction of credible evidence that as early as December 2010, Petitioner had been made aware that her supervisors considered her performance unsatisfactory and that by July 2013, she had failed to demonstrate significant improvement.  Commission's Opinion at 52-53.  The Commission rejected Petitioner's assertion that the PSP did not have good cause to terminate her employment because she was subject to discrimination, retaliation, lack of management support, unreasonable time constraints, and lack of institutional support. *Id*. at 53.  The Commission concluded that Petitioner's allegations were not supported by substantial evidence and that she failed to refute the credible evidence regarding her performance presented by the PSP.  *Id*.  The Commission specifically credited the testimony of Brzana

---

[1]  Act of June 1, 1945, P.L. 752, *as amended*, 71 P.S. §§ 741.1-741.1005.  Section 807 provides:  "No regular employe in the classified service shall be removed except for just cause."

[2]  Section 905.1, which was added by the Act of August 27, 1963, P.L. 1257,  provides: "No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors."  There are two categories of discrimination that may be appealed to the Commission: "traditional discrimination" and "technical discrimination." *Pronko v. Dep't of Revenue*, 539 A.2d 456 (Pa. Cmwlth. 1988). Traditional discrimination claims under Section 905.1 of the Act are based on factors such as race, sex, age, disability and national origin. *Id*. at 462.  Technical discrimination claims are based on technical and procedural violations of the Act and related regulations.

regarding Petitioner's unsatisfactory work performance. *Id.* at 56-57. The Commission concluded that Petitioner's removal was shown to have been for just cause because the PSP had introduced credible evidence in support of its charges, and Petitioner had failed to introduce evidence in support of her claim of discrimination.[3] *Id.* at 58. The Commission dismissed Petitioner's appeal and sustained her termination. This appeal followed.

Petitioner argues that the Commission capriciously disregarded competent evidence of discrimination and/or retaliation because the evidence provided by the PSP was incomplete and the evidence presented by Petitioner contradicted the testimony of Brzana. Petitioner also asserts that the record does not contain evidence establishing just cause for her termination because the PSP subjected her to interim performance evaluations and weekly meetings with her supervisors, unlike other employees, in retaliation for her filing of an EEOC complaint. Further, Petitioner challenges the Commission's findings of fact as incomplete, asserting that the testimony of her co-workers regarding her unsatisfactory work was not supported by factual evidence and was inconsistent from witness to witness. Finally, Petitioner alleges that her termination violated due process due to the PSP's manipulation of policy, discipline, segregation and malicious torment of her, including but not limited to, a lack of support from both

---

[3] With regard to Petitioner's discrimination claim, the Commission noted that she seemed to believe that because all of the conflicts arose after the filing of her EEOC complaint, her evidence, on its own, was sufficient to establish that her removal was due to discrimination. Commission's Opinion at 54. The Commission stated that, if deemed credible, Petitioner's evidence would be deemed sufficient to establish a prima facie claim of discrimination and retaliation. *Id.* However, the Commission concluded that, based on the record as a whole, "that even if we were to rule that prima facie case had been established, [Petitioner] has neither persuaded the commission that her removal was due to improper discrimination and retaliation nor refuted the evidence introduced by the [PSP] in support of its assertion of just cause." *Id.*

management and staff, unreasonable constraints (such as timelines, goals and objectives), and placing her on interim evaluations in retaliation for the filing of an EEOC complaint.

The term "just cause" is not defined in the Act. *Perry v. State Civil Serv. Comm'n (Dep't of Labor & Indus.)*, 38 A.3d 942, 951 (Pa. Cmwlth. 2011). It is well established, however, that just cause must be merit-related, and the criteria for determining whether an appointing authority had just cause for removal must touch upon the employee's competency and ability in some rational and logical manner. *Wei v. State Civil Serv. Comm'n*, 961 A.2d 254, 258-59 (Pa. Cmwlth. 2008). What constitutes just cause for removal is largely a matter of discretion on the part of the head of the department. "[T]o be sufficient, the cause should be personal to the employee and such as to render the employee unfit for his or her position, thus making dismissal justifiable and for the good of the service." *Pa. Bd. of Prob. & Parole v. State Civil Serv. Comm'n*, 4 A.3d 1106, 1112 (Pa. Cmwlth. 2010). Whether the actions of a civil service employee constitute just cause for removal is a question of law, subject to plenary review by this Court. *Id.*

The Commission is the sole fact finder in civil service cases, and it has the exclusive authority to assess witness credibility and evidentiary weight. *Bosnjak v. State Civil Serv. Comm'n*, 781 A.2d 1280, 1286 (Pa. Cmwlth. 2001). Consequently, this Court will not disturb the Commission's determinations regarding credibility or the weight of the evidence. *Id*. In reviewing a Commission decision, this Court views the evidence and all reasonable inferences arising therefrom in a light most favorable to the prevailing party. *Id*.

The majority of Petitioner's arguments challenge the Commission's finding of facts as incorrect because the allegations lodged against her were false,

8

and the evidence presented by the PSP was incomplete, one-sided and contradictory. Petitioner sets forth evidence of record that favors her version of the facts, challenges the credibility of the PSP's witnesses, and asserts that the Commission should have weighed the evidence in her favor.

The Commission made 33 findings of fact, extensively reviewed and discussed the testimony and exhibits, and made numerous credibility determinations and legal conclusions in its 60 page opinion. The Commission determined that the PSP had presented credible evidence of Petitioner's unsatisfactory work performance through submission of the EPRs and the testimony of her supervisors and co-workers. Commission's Opinion at 53. The Commission concluded that Petitioner had failed to introduce credible evidence that the PSP retaliated against her for filing an EEOC complaint and failed to refute the credible evidence submitted by the PSP regarding her work performance. *Id*. It is clear from the Commission's decision that where there was conflict or inconsistency in evidence it found the testimony of the PSP's witnesses, in particular Brzana, credible. Petitioner's arguments before this Court simply challenge the Commission's fact finding and credibility determinations, which are solely the province of the Commission and which we cannot disturb. *Bosnjak*.

With regard to Petitioner's claims of discrimination, she has asserted that her supervisors' poor treatment of her and the institution of EPRs only commenced after she filed an EEOC complaint and that based on the temporal proximity of these events, the PSP discriminated and retaliated against her. Petitioner complains that the PSP violated its own policy by failing to perform

9

EPRs for the first five years of her tenure, but then asserts that PSP retaliated against her by instituting quarterly and annual EPRs.[4]

In discrimination claims arising under Section 905.1, the employee claiming discrimination in personnel actions has the burden of presenting evidence to support such a charge. *Cola v. State Civil Serv. Comm'n (Dep't of Conservation & Natural Res.)*, 861 A.2d 434, 436 (Pa. Cmwlth. 2004). The employee must present sufficient evidence that, if believed and otherwise unexplained, indicates more likely than not that discrimination occurred. *Moore v. State Civil Serv. Comm'n (Dep't of Corr.)*, 922 A.2d 80, 85 (Pa. Cmwlth. 2007). If the employer is unable to present a credible response to employee's allegations, a presumption of discrimination arises and the employee's prima facie case stands determinative of the factual issue of the case.[5] *Id*.

---

[4] On September 27, 2010, Petitioner filed an appeal with the Commission complaining of discrimination, including a refusal by the PSP to provide her with an EPR. *Anderson v. Pa. State Police*, 2015 U.S. Dist. LEXIS 61316, *19 (M.D. Pa. Mar. 6, 2015). In response to this allegation, the human resources department directed Brzana to submit an interim EPR for Petitioner. Brzana then completed the December 2010 interim EPR.

[5] Unlike the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§ 951-963, the Act does not differentiate retaliation as a separate type of discrimination. The Pennsylvania Human Relations Commission analyzes retaliation claims under a separate standard from traditional discrimination claims. Under that standard,

> [a] *prima facie* case of retaliation requires a complainant to show that: (i) she was engaged in a protected activity; (ii) her employer was aware of the protected activity; (iii) subsequent to participation in the protected activity complainant was subjected to an adverse employment action; and (iv) there is a causal connection between participation in the protected activity and the adverse employment action.

*Spanish Council of York, Inc. v. Pa. Human Rels. Comm'n*, 879 A.2d 391, 399 (Pa. Cmwlth. 2005).

The Commission rejected Petitioner's claim of discrimination, determining that she failed to introduce credible evidence to support her claim. The Commission did not specifically conclude that Petitioner had satisfied a prima facie case, but concluded that, based upon the record as a whole, she had failed to prove that her removal was due to improper discrimination or retaliation and had failed to refute the PSP's evidence in support of just cause for dismissal.

The Court is unable to see how providing interim and annual EPRs constituted either retaliation or discrimination. Petitioner specifically requested that the PSP provide her with a performance review. Yet, when the EPR did not reflect the feedback Petitioner wished to receive, she determined that the ratings she received were wholly unrelated to her performance and solely the result of discriminatory retaliation. A poor performance evaluation alone does not give rise to a case of discrimination, but must be accompanied by a clear inference or connection to discriminatory animus. *Shaner v. Synthes*, 204 F.3d 494, 505 (3d Cir. 2000); *Williams v. Pa. State Police, Bureau of Liquor Control Enforcement*, 108 F. Supp. 2d 460, 467 (E.D. Pa. 2000) (holding that a poor performance review does not by itself constitute an adverse employment action because it has no tangible effect upon the employee's employment). A review of the record demonstrates that the PSP provided ample evidence of the unsatisfactory nature of Petitioner's work through not only the submission of the EPRs, but also through the extensive testimony of her managers and coworkers. The PSP successfully rebutted Petitioner's allegations and demonstrated just cause for her dismissal.

For all of the foregoing reasons, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robin D. Anderson,                          :
                    Petitioner              :
                                   :
              v.                          :    No. 159 C.D. 2015
                                   :
State Civil Service Commission               :
(Pennsylvania State Police),                 :
                    Respondent              :

# **O R D E R**

        AND NOW, this 5th day of January, 2016, the order of the State Civil Service Commission is hereby AFFIRMED.

 

                                     _____

                                      **BONNIE BRIGANCE LEADBETTER,**
                                      Judge