IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Alfred A. Smith, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1447 C.D. 2017 |
| | : | Submitted: March 2, 2018 |
| State Civil Service Commission | : | |
| (Pennsylvania Department of | : | |
| Corrections, State Correctional | : | |
| Institution at Mahanoy Appointing | : | |
| Authority and Tara L. Owens and | : | |
| Patrick J. McDevitt), | : | |
| Respondents | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: March 28, 2018


          Alfred A. Smith (Smith) petitions *pro se*[1] for review of the order of

the State Civil Service Commission (Commission) which dismissed his appeal

challenging his non-selection for promotion to the position of Adult Basic

Education Teacher (ABET) with the Pennsylvania Department of Corrections,

_____

          [1] While Smith was represented by counsel before the Commission, his petition for review
to this Court was filed *pro se*.

State Correctional Institution at Mahanoy (Appointing Authority). For the reasons that follow, we affirm.

## I.

In 1993, Smith began working as a Personnel Analyst at the State Correctional Institution at Mahanoy (SCI-Mahanoy). His job duties included overseeing a training program for employees at SCI-Mahanoy and SCI-Frackville. Smith is Hispanic and he has acted as a Spanish translator at both institutions.

In January 2016, the Appointing Authority posted a notice that applications were being sought for an ABET at SCI-Mahanoy. Smith submitted an application for the position. A civil service promotion list for the ABET position was prepared and Smith was one of four individuals appearing on that list. Smith was scheduled for an interview on April 11, 2016, but all interviews were cancelled when the Appointing Authority determined that there were two vacant ABET positions at SCI-Mahanoy that needed to be filled.

In April 2016, a second list was prepared for the ABET positions but Smith was not among the 13 individuals on that list. Nevertheless, Smith interviewed for the ABET positions. All six candidates who were interviewed for the ABET positions were interviewed by the same panel consisting of Jeffrey Chiampi, Educational Administrative Manager/Division Chief for the Bureau of Corrections Education; Carl Kmiec, Field Human Resource Officer for SCI-Dallas and SCI-Retreat; and Thomas O'Brien (O'Brien), school principal at SCI-Frackville. The panel asked each of the six candidates identical questions during

2

their interviews. Based upon their prior teaching experience and interview performances, the panel unanimously selected Patrick McDevitt (McDevitt) as the first choice and Tara Owens (Owens) as the second choice. Smith was ranked fourth out of the six individuals interviewed. By letter dated September 16, 2016, the Appointing Authority notified Smith that he was not selected for the ABET positions.

Pursuant to Section 951(b) of the State Civil Service Act (Act),[2] Smith appealed to the Commission alleging that his non-selection constituted both technical and traditional discrimination. Smith asserted that the Appointing Authority committed technical discrimination because the initial panel composition was changed when the interviews were rescheduled and Chester Beggs (Beggs), the School Principal at SCI-Mahanoy who was familiar with Smith and his work performance, was kept off the interview panel based upon a perceived conflict of interest that turned out to be inaccurate. According to Smith, Beggs should have been on the interview panel because he was the principal of the school at which Smith was seeking to become a teacher and was the most knowledgeable about the needs of the students and the type of candidate likely to succeed in the ABET positions. Smith also alleged that the Appointing Authority committed traditional discrimination based upon national origin as for decades only white males and white females have been selected as ABETs at SCI-Mahanoy.

---

[2] Act of August 5, 1941, P.L. 752, added by the Act of August 27, 1963, P.L. 1257, *as amended*, 71 P.S. § 741.951(b).

3

Following a hearing, on September 6, 2017, the Commission issued an order holding that Smith failed to present evidence establishing discrimination in violation of Section 905.1 of the Act[3] and, accordingly, dismissed his appeal. Smith then petitioned this Court for review of the Commission's decision.[4]

## II.

Pursuant to Section 951(b) of the Act, there are two categories of discrimination for which an unfavorable employment action may be appealed to the Commission. The first is traditional discrimination, which is based on factors such as race, sex, age, disability and national origin. *Pronko v. Department of Revenue*, 539 A.2d 456, 461-62 (Pa. Cmwlth. 1988). The second is technical discrimination which occurs when a Commonwealth agency, such as the Appointing Authority, violates the procedures established in the Act or the Civil Service Rules (Rules). *Id.* at 462. Proof of a technical violation constitutes discrimination *per se* and no showing of intent is required. *Moore v. State Civil*

---

[3] Added by the Act of August 27, 1963, P.L. 1257, 71 P.S. § 741.905a. Section 905.1 of the Act, titled prohibition of discrimination, provides:

> No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

[4] Our review of the Commission's decision is limited to determining whether constitutional rights have been violated or errors of law have been committed, and whether the Commission's findings are supported by substantial evidence. *Moore v. State Civil Service Commission (Department of Corrections)*, 922 A.2d 80, 84 n.3 (Pa. Cmwlth. 2007) (citation omitted).

*Service Commission (Department of Corrections)*, 922 A.2d 80, 85 (Pa. Cmwlth. 2007). For an individual to obtain relief for technical discrimination, he "must present evidence that he [ ] 'was, in fact, harmed because of the technical non-compliance with the Act *or* evidence that because of the peculiar nature of the procedural impropriety [he] could have been harmed but there is no way to prove that for certain.'" *Id.* at 85 (quoting *Pronko*, 539 A.2d at 462) (emphasis in original).

## A.

Smith contends that the Commission erred in failing to conclude that the Appointing Authority committed technical discrimination by deciding to remove Beggs from the interview panel. Smith argues that Beggs was under the impression that he would be on the interview panel since he was the School Principal at SCI-Mahanoy where the ABETs were being hired. However, Beggs was removed from the panel because there was an alleged conflict between him and another individual who was interviewed for the ABET positions – Beggs was on the school board that voted to terminate this individual during his previous employment as a public school teacher. Smith claims this allegation is not true and there was no legitimate reason to remove Beggs from the interview panel. Smith appears to argue that Beggs' removal harmed or could have harmed Smith's prospects of being promoted to the ABET position because Smith would have known that he was the best candidate for the job.

However, as the Commission correctly noted, nothing in the Act or Rules requires that specific employees be members of interview panels. While

5

there was testimony that certain employees, including school principals, are usually members of interview panels for the ABET positions, none of the witnesses testified that the employees who ultimately served on Smith's interview panel were incapable of selecting an ABET and no evidence in this regard was presented before the Commission. Notably, O'Brien, who actually served on the interview panel, *is* a school principal, just at another institution. In addition, the Commission found the Appointing Authority's witnesses to be credible and they testified that O'Brien was assigned to the interview panel because it was believed that Beggs had a conflict of interest with one of the candidates being interviewed.

There is no evidence in the record that the Appointing Authority violated a procedure established in the Act or Rules by not including Beggs on the interview panel, nor is there any evidence that Smith was harmed or could have been harmed by Beggs' exclusion. Therefore, we discern no error in the Commission's conclusion that Smith failed to demonstrate technical discrimination.[5]

**B.**

Smith also argues that the Commission erred in concluding that the Appointing Authority did not engage in traditional discrimination based upon his national origin. An individual alleging that a personnel action was undertaken for

---

[5] Smith also asserts in his brief to this Court that the Appointing Authority committed technical discrimination by presenting false information regarding the veterans' preference and by not providing him with requested legal documents. Because these issues were not raised before the Commission, they have been waived and will not be considered by this Court. *See* Pa. R.A.P. 302(a); *Fatzinger v. City of Allentown*, 591 A.2d 369, 371 (Pa. Cmwlth. 1991).

traditional discriminatory reasons has the sole burden of proof. *Keim v. Department of Health*, 543 A.2d 1261, 1264 (Pa. Cmwlth. 1988). Traditional discrimination cannot be inferred or based solely on general statistics; rather, there must be affirmative, factual support for the alleged discrimination. *Price v. Luzerne/Wyoming Counties Area Agency on Aging*, 672 A.2d 409, 413 (Pa. Cmwlth. 1996).

Here, Smith failed to put forth any evidence to support his argument that he was not selected for the ABET position because he was born in Mexico and is Hispanic. He relies merely upon his assertion that the ABETs at SCI-Mahanoy are all non-Hispanic, white males and white females, and his national origin should have been given more weight in the hiring process because of the high percentage of Hispanic inmates at SCI-Mahanoy. There is no evidence and no affirmative factual proof in the record that Smith was treated differently from the other candidates or that his non-selection was motivated by discrimination.

Moreover, the Appointing Authority presented credible evidence of legitimate, non-discriminatory reasons for selecting McDevitt and Owens over Smith for the ABET positions. The Appointing Authority considered McDevitt and Owens the most suitable candidates given their significant teaching histories and the fact that teaching inmates is the main function of the ABET position. Smith did not attempt to counter this finding by presenting evidence or even argument that McDevitt and Owens, the individuals selected for the ABET positions, did not possess the necessary skills and experience to perform the functions and duties of an ABET or that he possessed far superior skills. To the

contrary, the Appointing Authority's witnesses credibly testified that they chose McDevitt and Owens because of their performance during the interview process and their previous teaching experience, which Smith did not possess.

Accordingly, we affirm the Commission's order.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alfred A. Smith, : 
      Petitioner : 
      : 
    v.      :   No. 1447 C.D. 2017
      : 
State Civil Service Commission : 
(Pennsylvania Department of : 
Corrections, State Correctional : 
Institution at Mahanoy Appointing : 
Authority and Tara L. Owens and : 
Patrick J. McDevitt), : 
     Respondents : 

# **O R D E R**

   AND NOW, this 28<u>th</u> day of <u>March</u>, 2018, the order of the State Civil Service Commission in the above-captioned matter is hereby affirmed.

             _____

             DAN PELLEGRINI, Senior Judge