**Anne Marie PRICE, Petitioner,**

v.

**LUZERNE/WYOMING COUNTIES AREA AGENCY ON AGING, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 5, 1995.
Decided March 1, 1996.

---

Ronald T. Tomasko, for Petitioner.

Charles D. McCormick, for Respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

Anne Marie Price appeals from a determination by the State Civil Service Commission (Commission) which (1) dismissed her appeal challenging her non-selection for promotion to Clerk Typist 3; and (2) sustained the action of the Luzerne/Wyoming Counties Area Agency on Aging (Agency) in not selecting Price for promotion to Clerk Typist 3. We affirm.

Beginning on January 8, 1990, Price was employed by the Agency as a Clerk Typist 2. In December 1993, the Agency posted a vacancy notice soliciting candidates for a Clerk Typist 3 position, serving as Executive Secretary to its Executive Director, Carole J. Lewis. Reproduced Record (R.) at 271a–78a. The vacancy notice set forth Clerk 3 and Clerk Typist 2 as appropriate next lower positions for promotion without examination.[1] R. at 272a. The notice also set forth the selection criteria for determining promotion without examination as follows:

1. Meritorious Service to be determined from:

    a. Performance Evaluation Reports-overall score from last two PER's completed.

    b. Meritorious Service will be weighted 60%.

---

1. Pursuant to section 95.7(b)(5) of the Commission's Rules, vacancies may be filled through promotion by appointment of regular employees without formal examination, based upon meritorious service, seniority, and the unqualified recommendation of the employee's immediate superior and the appointing authority. 4 Pa.Code § 95.7(b)(5).

2. Seniority in class to be calculated from length of service in qualifying classes measured from first entry into the class, excluding periods of furlough, resignation, leave of absence, (other than Military or Educational Leave), and other separations. Seniority will be weighted 40%.

*Id.* The notice included a job description which set forth the major responsibilities and required skills for the position. R. at 274a–77a.

Price and Karen A. Camasse were the only candidates for promotion without examination. Price, a four-year employee with overall evaluations of "excellent," received a score of 13 out of a possible 15 points pursuant to the Agency's weighted scoring of meritorious service and seniority. Camasse, a two-year employee with overall evaluations of "excellent," received a score of 11. The Agency deemed the two scores "relatively equal" and each candidate was interviewed by Lewis on January 6, 1994. On January 7, 1994, Lewis met with Camasse and advised her that she would be recommended for the position of Clerk Typist 3. Lewis also met with Price and advised her that she had not been selected for the position.[2]

■ On February 4, 1994, Price filed with the Commission an appeal from her non-selection for promotion to Clerk Typist 3. In her appeal, Price alleged "traditional" discrimination on the basis of age and "technical" discrimination involving violations of the Civil Service Act (Act)[3] and related Rules.[4] With respect to her allegations of "technical" discrimination, Price contended that: (1) due to her own greater seniority, Camasse should not have been deemed "relatively equal" to her; and (2) the interview used by Lewis to determine who would be selected for the vacancy was improper because it was not stated as a selection procedure on the vacancy notice. A hearing was held before the Commission on August 18, 1994.

In its determination, the Commission initially noted that, in an appeal challenging a non-selection for promotion, the appellant has the burden of proving discrimination. The Commission concluded that Price had failed to present credible evidence to substantiate her allegation of age discrimination.

The Commission further concluded that Price's assertion that the Agency had used selection procedures which were improper under the Act and related Rules lacked merit. The Commission stated that, in Rule 95.7(d)(2)(i), it had established the competitive promotion without examination procedure used by the Agency.[5] The Commission

---

2. By letter dated March 4, 1994, Price was given written notification of her non-selection for promotion to Clerk Typist 3.

3. Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.1–741.1005. Section 905.1 of the Act provides that "[n]o officer or employe of the Commonwealth shall discriminate against any person in ... promotion ... or any other personnel action with respect to the classified service because of political or religious opinions or affiliations[,] because of labor union affiliations or because of race, national origin or other non-merit factors." 71 P.S. § 741.905a.

We note that Price's appeal to the Commission was filed pursuant to section 951(b) of the Act, 71 P.S. § 741.951(b). Section 951(b) provides that any person who is aggrieved by an alleged violation of section 905.1 of the Act may appeal in writing to the Commission within twenty calendar days of the alleged violation. 71 P.S. § 741.951(b). This court has stated that where an appeal of any type of personnel action is brought before the Commission by a probationary employee *or* where an appeal of an action other than a removal, suspension, demotion or furlough is brought by a regular status employee,

the only avenue of appeal open to the complaining individual is via section 951(b) of the Act. *Pronko v. Department of Revenue,* 114 Pa. Cmwlth. 428, 539 A.2d 456, 461 (1988). Section 951(b) of the Act provides for an appeal only where discrimination in violation of section 905.1 of the Act is specifically alleged. *Id.*

4. The two general categories of discrimination which are appealable to the Commission were described by this court in *Pronko.* "Traditional" forms of discrimination focus upon such factors as race, sex or age. *Id.,* 539 A.2d at 462. "Technical" discrimination involves a violation of procedures required pursuant to the Act or related Rules. *Id.*

5. Rule 95.7(d)(2)(i) provides as follows:

(i) *Competitive promotion without examination.* The appointing authority shall post the vacancy, consider the eligible employees who express an interest and make the promotion decision based upon an objective review of each employee's meritorious service and seniority. Seniority for this purpose shall be the length of continuous service of an employe in

further stated that the designation of two candidates, separated by only two points, as "relatively equal," and thus equally qualified to be promoted, did not violate the provisions of either Rule 95.7(d)(2)(i) or the related Amended Management Directive 580.19.[6] Moreover, the Commission noted that, in Rule 97.16, it had authorized the use of interviews, based upon job-related criteria, as a method for selecting between equally appointable candidates.[7] The Commission stated that nothing presented at the August 18, 1994 hearing led the Commission to conclude that the Agency's interview process had violated Rule 97.16.

■ The Commission determined that in filling the vacancy for a Clerk Typist 3, the Agency had adequately posted the position, had properly found that Price and Camasse were relatively equal and had rightly relied upon an interview to determine who would receive the promotion. Accordingly, the Commission concluded that Price had failed to present evidence establishing discrimina-

tion in violation of section 905.1 of the Act. Price now appeals the Commission's determination to this court.[8]

■ In her appeal, Price raises the issue of whether the Commission erred in dismissing her appeal because the Agency's failure to promote her was based upon non-merit criteria which constituted "technical" discrimination. Price alleges that promotion to Clerk Typist 3 was based upon "attributes" that were ascertained by Lewis when she interviewed Price and Camasse for that position.[9] Price further asserts that she was never told that such attributes would be used to determine promotion and points out that the attributes were not listed in the posting for the Clerk Typist 3 position. As such, Price contends that the Agency's actions violated the Act and related Rules.

■ We initially note that an employee who appeals her non-selection for promotion may do so only on the basis of discrimination as provided by section 905.1 of the Act. *Keim v. Department of Health,* 117 Pa.

the designated next lower classes if there has been no break-in-service. Eligibility for consideration for the promotion may be limited by the appointing authority to a particular geographic or program area. The posting shall, whenever possible, specify the classes determined to be next lower. Otherwise, the posting shall state that applications will be reviewed to determine if employes previously held regular status or currently hold regular status in a class for which there is a logical occupational, functional or career development relationship to the posted position or if there is a clear linkage between the required knowledges [sic], skills and abilities of the previously or currently held class with those needed for the posted position.

4 Pa.Code § 95.7(d)(2)(i).

6. Amended Management Directive 580.19 (Management Directive), dated July 29, 1993, sets forth current policies, requirements and procedures for promoting employees in the classified service without examination. R. at 265a–70a. Section 4 of the Management Directive provides, in pertinent part, as follows:

b. *Procedures for competitive promotion* without examination established by the appointing authority shall include, but need not be limited to, the following:

\* \* \* \* \* \*

(3) Identify which applicants who submit requests meet the criteria for competitive promotion without examination as follows:

(a) Meet the minimum qualifications for the vacancy.

(b) Have or have had regular status in the next lower class as established by the appointing authority.

(c) Meet the appointing authority's established criteria for meritorious service and seniority.

(4) Interview all applicants who meet the criteria as stated in paragraph 4.b.(3).

R. at 267a. We note that this court has stated that the Management Directive, as a properly issued directive, has the force and effect of law. *Nosko v. Somerset State Hospital,* 139 Pa.Cmwlth. 367, 590 A.2d 844 (1991).

7. Rule 97.16 states as follows: "Appointing authorities may conduct interviews or otherwise assess relative suitability for appointment of certified eligibles, but the assessments must be based on job-related criteria and be conducted in accordance with standards established by the Director." 4 Pa.Code § 97.16.

8. This court's scope of review of a decision by the Commission is limited to determining whether there has been a violation of constitutional rights, whether errors of law have been committed, and whether necessary findings of fact are supported by substantial evidence. *Nosko,* 590 A.2d at 846 n. 2.

9. The "attributes" referred to by Price included each applicant's attitude, dependability, adaptability and organizational skills. R. at 279a.

Cmwlth. 452, 543 A.2d 1261 (1988). The burden of prosecuting a discrimination appeal under the Act rests with the employee. *Id.;* 4 Pa.Code § 105.16(a). Moreover, discrimination cannot be inferred. *Tempero v. Department of Environmental Resources,* 44 Pa.Cmwlth. 235, 403 A.2d 226 (1979). There must be affirmative factual support to sustain the allegations. *Id.*

■ This court has held that in a non-selection for promotion action, brought pursuant to section 951(b) of the Act, proof of a technical violation of the Act constitutes discrimination *per se* under section 905.1 of the Act. *Pronko,* 539 A.2d at 462. Moreover, where a technical violation of the Act constitutes the alleged discrimination, no showing of intent is required. *Id.* The reason for such a holding is that often what has occurred is an administrative error or mistake, and thus intent to discriminate is frequently non-existent. *Id.*

■ In addition, in order for a complaining individual to gain some type of relief, there must be evidence that the individual was, in fact, harmed because of the technical non-compliance with the Act *or* evidence that because of the peculiar nature of the procedural impropriety the individual could have been harmed but there is no way to prove that for certain. *Id.* Thus, Price needed to establish that there was a technical violation of the Act and that she was, or could have been, harmed by such non-compliance with the Act. Based upon our review of the evidence in this case, we conclude that Price did not show that there was a technical violation of the Act.

With respect to the information which must be provided to applicants for promotion, section 4 of the Management Directive states, in pertinent part, as follows:

b. Procedures for competitive promotion without examination established by the appointing authority shall include, but need not be limited to, the following:

(1) Post the vacancy notice, indicating that competitive promotion without examination is contemplated and identifying the general criteria to be considered in determining promotability and eligibility. Iden-

tify any other methods of filling the vacancy that may be considered.

R. at 267a. In this case, the job posting for the Clerk Typist 3 position set forth the eligibility criteria for the position, including the next lower job category, and set forth how meritorious service and seniority would be determined for promotion without examination. R. at 271a–72a. The job posting also described the major responsibilities of the Clerk Typist 3 position and outlined the required knowledge, skills and abilities that would be evaluated in determining promotion. R. at 274a–77a. As such, Price was put on notice of the criteria which would be assessed in deciding which candidate was promoted to Clerk Typist 3.

Price and Camasse were initially evaluated by the Agency on the basis of meritorious service and seniority as set forth by Rule 95.7(d)(2)(i), 4 Pa.Code § 95.7(d)(2)(i). Because their scores in that evaluation were only two points apart, the Agency concluded that Price and Camasse were relatively equally qualified to be promoted. The Commission affirmed that decision.

We note that this court has held that, as an administrative agency, the Commission is regarded as an expert on matters within its own jurisdiction. *Nosko,* 590 A.2d at 849. Moreover, we can find nothing in the Act or related Rules which precluded the Agency from determining that two candidates, whose scores for meritorious service and seniority were within two points of each other, were relatively equally qualified for promotion. Accordingly, Lewis took the legitimate next step in the promotion process by interviewing Price and Camasse.

Clearly, in Rule 97.16, the Commission has authorized the use of interviews to determine suitability for promotion. 4 Pa.Code § 97.16. Moreover, pursuant to section 4(b)(4) of the Management Directive, an appointing authority *shall* interview all applicants who meet the criteria for competitive promotion without examination. R. at 267a. The applicants for promotion who shall be interviewed will be those who: (1) meet the minimum qualifications for the higher position; (2) have had regular status in the next lower class as established by the appointing author-

ity; and (3) meet the appointing authority's established criteria for meritorious service and seniority. *Id.*

We note that this court has stated that whether a complaining individual has any actual knowledge of the requirements of the Management Directive is irrelevant because such knowledge is imputed. *Keim*, 543 A.2d at 1265. Accordingly, Price was put on notice that an interview could be used to determine an applicant's suitability for promotion to Clerk Typist 3.

We further note that Rule 97.16 states that the assessment of suitability for promotion which occurs as the result of an interview must be based upon job-related criteria. 4 Pa.Code § 97.16. The job-related criteria by which all applicants for the Clerk Typist 3 position would be evaluated was set forth in the job description portion of the vacancy notice. R. at 277a. Such criteria included, *inter alia,* knowledge of standard office procedure and conduct, the ability to follow instructions, the ability to solve problems and the ability to organize information. *Id.*

Our review of the record indicates that Lewis questioned *both* candidates for promotion about their impressions of the Clerk Typist 3 position, their previous work experience and their abilities to meet the demands and fulfill the responsibilities of the position. R. at 123a–72a. As such, Lewis's assessment of the suitability of both Price and Camasse for promotion was based upon job-related criteria. Accordingly, we conclude that the Agency's reliance upon an interview wherein candidates for promotion to Clerk Typist 3 were questioned about job-related criteria did not result in "technical" discrimination against Price in violation of section 905.1 of the Act.

The order of the Commission is affirmed.

### ORDER

NOW, this 1st day of March, 1996, the order of the State Civil Service Commission, dated February 24, 1995, at No. 17983, is affirmed.

