IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Euginia A. Galli,                              :
                              Petitioner      :
                                               :
          v.                                   : No.  656 C.D. 2023
                                               : Submitted:  May 7, 2024
Luzerne-Wyoming County Mental                  :
Health and Developmental Services              :
and Amy Tomkoski (State Civil                  :
Service Commission),                           :
                              Respondents  :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE STACY WALLACE, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  June 5, 2024


       Euginia A. Galli (Galli) petitions for review of the adjudication and order of
the State Civil Service Commission (Commission), mailed May 24, 2023, which
sustained the decision of Luzerne-Wyoming County Mental Health and
Developmental Services (Employer) not to select Galli for promotion and dismissed
her appeal.  Galli argues Employer did not select her because of discrimination, as
prohibited under Section 2704 of what is commonly known as the Civil Service
Reform Act (Act), 71 Pa.C.S. § 2704.  After careful review, we affirm.

# I. Background

Galli previously worked for Employer as a Program Specialist 2. Reproduced Record (R.R.) at 296a. In 2018, Galli applied for a promotion to the position of Deputy Administrator 2. *Id.* at 342a-45a. Employer did not select Galli for the promotion. *Id.* at 2a. Instead, Employer selected Amy Tomkoski (Tomkoski). *Id.* Galli appealed to the Commission, which overruled Employer's decision to select Tomkoski by adjudication and order mailed February 21, 2020. *Id.* at 2a-3a, 333a-79a. The Commission explained Galli was not "afforded a fair, competitive, and untainted opportunity to be considered for the promotion by the interview and selection process." *Id.* at 376a. Thus, the Commission directed that Employer vacate the Deputy Administrator 2 position, return Tomkoski "to the position she held immediately prior to her promotion," and "perform new interviews using new interview questions and using a new, neutral interview panel." *Id.* at 378a.

Before her promotion, Tomkoski worked for Employer as a Casework Supervisor. R.R. at 3a. Following the Commission's February 21, 2020 adjudication and order, Employer placed Tomkoski in a new, "temporary" Casework Supervisor position. *Id.* Employer then conducted a second round of interviews with a panel consisting of Human Resources Business Partner Renita Zezza (Zezza), Fiscal Director Adam Wiernusz (Wiernusz), and Executive Director Mary Roselle (Roselle). *Id.* at 4a. None of these individuals was involved in Tomkoski's previous promotion. *Id.* at 5a. Ultimately, all three members of the second interview panel scored Tomkoski higher than Galli, and Tomkoski received the Deputy Administrator 2 position a second time. *Id.* at 7a.

Galli once again appealed Employer's decision not to select her for promotion, alleging discrimination based on Employer's failure to comply with the

2

February 21, 2020 adjudication and order. Galli alleged Employer placed Tomkoski in a new, temporary Casework Supervisor position, rather than the permanent Casework Supervisor position she occupied immediately before her promotion. R.R. at 304a-06a. Moreover, Galli alleged Employer failed to provide her with a neutral panel during the second round of interviews. *Id.* at 306a-09a. The Commission held a hearing on November 7, 2022.

By adjudication and order mailed May 24, 2023, the Commission sustained Employer's decision not to select Galli for promotion and dismissed her appeal.[1] The Commission found Employer complied with its February 21, 2020 adjudication and order. R.R. at 24a. The Commission explained Galli failed to present sufficient evidence to support her claims of discrimination. *Id.* at 15a-30a. In addition, the Commission credited the testimony of Employer's witnesses, explaining they provided non-discriminatory reasons for Employer's actions and rebutted Galli's claims. *Id.*

The Commission found, in relevant part, that Employer placed Tomkoski in a temporary position not because of discrimination but on the advice of the Office of Administration. R.R. at 3a. The Commission found there were no vacant Casework Supervisor positions for Tomkoski to return to, and the number of non-temporary positions for each job classification were limited. *Id.* The Commission accepted that Employer would "revisit the temporary nature" of Tomkoski's position if it did not select her for promotion. *Id.* at 4a.

---

[1] Counsel for Employer and Tomkoski made an oral motion to dismiss at the conclusion of Galli's case-in-chief, citing Galli's failure to produce sufficient evidence of discrimination. R.R. at 234a-35a. The Commission initially deferred its ruling and then granted the motion in the adjudication and order. *Id.* at 30a, 238a.

3

The Commission found the second interview panel had no preconceived opinions about Galli or Tomkoski and treated both candidates the same during the interview process. R.R. at 5a. The Commission discussed the candidates' responses to interview questions and found Employer offered the Deputy Administrator 2 position to Tomkoski because of her stronger performance during the interview. *Id.* at 7a-8a. The Commission explained no member of the second interview panel was involved in supervising either candidate or offering the Deputy Administrator 2 position to Tomkoski the first time. *Id.* at 5a. Further, the members of the second interview panel did not discuss the candidates before or after the interviews, did not compare notes, and did not look at each other's score sheets. *Id.* at 6a.

Galli filed a petition for review in this Court, alleging she was not selected for the Deputy Administrator 2 position because of discrimination. Once again, Galli argues Employer was noncompliant with the Commission's February 21, 2020 adjudication and order by placing Tomkoski in a temporary Casework Supervisor position, rather than the permanent Casework Supervisor position she occupied immediately before her promotion, and by failing to provide Galli with a neutral second interview panel.

## II. Discussion

We review the Commission's adjudication and order to determine whether it "violated constitutional rights, committed errors of law, or made factual findings unsupported by substantial evidence." *Dep't of Corr. v. Lynn (State Civ. Serv. Comm'n)*, 306 A.3d 338, 355 (Pa. 2023) (citing *Bowman v. Dep't of Env't Res.*, 700 A.2d 427, 428 (Pa. 1997); 2 Pa.C.S. § 704). "The Commission is the sole fact finder in civil service cases and has exclusive authority to assess witness credibility and to resolve evidentiary conflicts." *Bosnjak v. State Civ. Serv. Comm'n (State Corr. Inst.*

4

*at Albion, Dep't of Corr.)*, 781 A.2d 1280, 1286 (Pa. Cmwlth. 2001) (citing *Hetman v. State Civ. Serv. Comm'n (Berks Cnty. Child. & Youth)*, 714 A.2d 532 (Pa. Cmwlth. 1998)).

The purpose of our civil service system "is to facilitate the hiring, retaining, and promoting of highly-qualified individuals to ensure the efficient and effective delivery of government services to the public." *Lynn*, 306 A.3d at 343 (citing Section 2102 of the Act, 71 Pa.C.S. § 2102). Consistent with this purpose, Section 2704 of the Act prohibits an officer or employee of the Commonwealth from discriminating "against an individual in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of race, gender, religion, disability or political, partisan or labor union affiliation or other nonmerit factors." 71 Pa.C.S. § 2704.

Our law addresses both "technical" and "traditional" discrimination. Technical discrimination involves claims based on procedural violations under the Act or related regulations. *Moore v. State Civ. Serv. Comm'n (Dep't of Corr.)*, 922 A.2d 80, 85 (Pa. Cmwlth. 2007) (citing *Price v. Luzerne/Wyoming Cntys. Area Agency on Aging*, 672 A.2d 409 (Pa. Cmwlth. 1996)). An employee must establish that he or she was harmed because of the procedural violation, or that "because of the peculiar nature" of the violation, he or she "could have been harmed but there is no way to prove that for certain." *Reck v. State Civ. Serv. Comm'n (Pa. Liquor Control Bd.)*, 992 A.2d 977, 980 n.3 (Pa. Cmwlth. 2010) (citing *Price*, 672 A.2d at 413).

Traditional discrimination occurs when an employer discriminates against an employee based on nonmerit factors, like those listed in Section 2704. *See Moore*,

922 A.2d at 85 (citing *Price*, 672 A.2d 409). We have explained the burden of proof for establishing a claim of traditional discrimination as follows:

> If the plaintiff produces sufficient evidence that, if believed and otherwise unexplained, indicates that more likely than not discrimination has occurred, the defendant must be heard in response. Absent a response, the 'presumption' of discrimination arising from the plaintiff's *prima facie* case stands determinative of the factual issue of the case. . . . If, however, the defendant offers a non-discriminatory explanation . . . the presumption drops from the case. As in any other civil litigation, the issue is joined, and the entire body of evidence produced by each side stands before the tribunal to be evaluated according to the preponderance standard. . . . Stated otherwise, once the defendant offers evidence from which the trier of fact could rationally conclude that the decision was not discriminatorily motivated, the trier of fact must then decide which party's explanation of the employer's motivation it believes.

*Id.* (quoting *Henderson v. Off. of the Budget*, 560 A.2d 859, 863 (Pa. Cmwlth. 1989)) (some quotation marks omitted).

Here, Galli contends she produced sufficient evidence of technical and traditional discrimination. Galli focuses on the temporary Casework Supervisor position Tomkoski returned to after initially being selected for the Deputy Administrator 2 position. Galli argues the temporary position was contrary to the directive in the February 21, 2020 adjudication and order that Tomkoski be returned to the position she held immediately before her promotion. Galli's Br. at 9. Moreover, she argues Tomkoski had "no work, no subordinates, and no duties" while in this temporary position. *Id.* Galli points to e-mails indicating Tomkoski's position was only temporary, which purportedly shows that Employer intended to return Tomkoski to the Deputy Administrator 2 position even before the second round of interviews. *Id.* at 11.

6

Galli also contends she did not receive a "neutral" panel for the second round of interviews, as required under the adjudication and order. Galli's Br. at 17. Galli argues, among other things, that Roselle had "previous contact with [her], even though she claimed she did not," and both Roselle and Wiernusz considered Tomkoski's work as Deputy Administrator 2 when scoring the second round of interviews. *Id.* at 18. Galli is particularly critical of Zezza, alleging she was involved in placing Tomkoski into the temporary Casework Supervisor position, assembling questions for the second round of interviews, and then scoring Tomkoski "at a level to allow her to regain her Deputy Administrator 2 position." *Id.* at 17-20.

Our review of the record reveals no basis to overturn the Commission's decision. Regarding technical discrimination, Galli does not allege Employer committed a procedural violation of the Act or related regulations, *see Moore*, 922 A.2d at 85, but instead argues Employer violated the Commission's February 21, 2020 adjudication and order. To the extent Employer's alleged noncompliance can sustain a claim of technical discrimination, the record supports the Commission's finding that Employer complied with its directives, and Galli did not suffer any harm or potential harm.[2] Further, Galli's evidence of alleged noncompliance does not support a claim of traditional discrimination because it does not establish, if believed

---

[2] The Commission concluded Galli's technical discrimination claim was not properly before it and was otherwise untimely. R.R. at 22a-23a, 27a. The Commission explained any procedural challenges related to its February 21, 2020 adjudication and order were separate from Galli's non-selection for promotion and needed to be raised within 20 days of Employer's March 10, 2020 letter indicating it complied with the adjudication and order. *Id.*; *see* 4 Pa. Code § 105.14c(c) ("When the Commission finds in favor of the appellant and the appointing authority complies with the order, questions about the sufficiency of compliance shall be submitted to the Commission within 20 calendar days of the appointing authority's action."). The Commission went on to address the merits of Galli's technical discrimination claim in the alternative and concluded Galli failed to establish a claim of technical discrimination. R.R. at 24a-30a.

or otherwise unexplained, "that more likely than not discrimination has occurred." *See id.*

The record indicates Employer placed Tomkoski in a temporary Casework Supervisor position, and staff members referred to the position as "temporary" in correspondence. Zezza testified she was involved in placing Tomkoski in the temporary position, for example, and acknowledged sending an e-mail in which she described the circumstances as "a temporary situation that, hopefully, will be resolved very soon." R.R. at 69a-75a. This evidence shows Employer's effort to comply with the February 21, 2020 adjudication and order and does not by itself suggest that Employer discriminated against Galli in the selection process. In addition, the record reveals a non-discriminatory reason for Tomkoski's temporary placement, i.e., that Tomkoski's former position was already filled, and the temporary position was necessary to comply with the Commission's directives.

During the hearing, Zezza emphasized the "very strict" limit on available positions within the civil service system. R.R. at 76a. She testified Employer placed Tomkoski in a temporary Casework Supervisor position because "we didn't have an opening. . . . Civil Service[3] advised us that we could create one temporarily, so we could put [Tomkoski] in that . . . and proceed with the new interviews." *Id.* Zezza testified Tomkoski's temporary position was eliminated after she was selected for promotion a second time because "[w]e didn't have an extra approved position. And . . . we would have had to go through the whole County issue for creating another position." *Id.* at 78a.

Human Resources Director Angela Gavlick (Gavlick) provided a similar explanation. She testified there was no open Casework Supervisor position, so

---

[3] The Commission explains in its adjudication and order that Employer's staff was actually speaking with the Office of Administration. R.R. at 11a.

Employer's staff spoke to someone "at the State . . . [a]nd their recommendation was to create the temporary position." *Id.* at 123a. In the event Galli was selected for the promotion, rather than Tomkoski, "[w]e would be reaching out again to Civil Service for direction." *Id.* Administrator Tara Fox acknowledged Tomkoski's limited work duties after assuming the temporary Casework Supervisor position. *Id.* at 169a. She explained Tomkoski's former position was already filled, and so "we weren't sure what would happen with [Tomkoski's replacement] if we were going to have to add a supervisor and then, redivide cases and caseworkers. We were still working on all of that."[4] *Id.*

Similarly, the record indicates Employer assembled a new panel of interviewers for the second round of interviews, who asked Galli and Tomkoski a new set of questions in compliance with the February 21, 2020 adjudication and order. Gavlick testified she helped to assemble the new panel, which asked questions that Zezza compiled by "reaching out to neighboring counties that had the same type of department." R.R. at 136a-37a. Tomkoski scored higher than Galli and received the promotion. *See id.* at 637a-72a. Galli makes insinuations about the panel and its actions, but nothing she points to in the record supports a finding of discrimination. Even accepting that the record could support Galli's allegations, it also reveals non-discriminatory reasons for the panel's conduct during the selection process.

---

[4] It is important to acknowledge the short timeframe between the Commission's February 21, 2020 adjudication and order, Tomkoski's placement in the temporary Casework Supervisor position, the second round of interviews, and Tomkoski's selection for promotion a second time on or about March 5, 2020. *See* R.R. at 21a-22a, 295a-97a. Given the fact Tomkoski was only in the temporary position for about two weeks, and the possibility she might leave the position almost immediately, it would have made little sense for Employer to assign subordinates or extensive work duties to her. *See* Galli's Br. at 9.

9

All three of the interviewers who selected Tomkoski for promotion the second time, Zezza, Wiernusz, and Roselle, testified they had no preconceived opinions about who should receive the position. R.R. at 88a, 219a-20a, 227a, 249a-50a. Zezza testified she did not know either candidate before the interviews, although she "may have talked with [Tomkoski] about mental health services business." *Id.* at 86a. Wiernusz testified he knew both Tomkoski and Galli as coworkers. *Id.* at 219a-20a. Roselle testified she did not know either candidate before the interviews but later explained she had some contact with Galli, including at a conference during which "one of my staff members really worked with her. I didn't work closely with her." *Id.* at 245a, 252a.

The interviewers described the same interview process. They testified they asked the candidates the same interview questions and did not discuss how they scored the candidates after the interviews. R.R. at 98a-99a, 221a, 227a, 246a, 250a. Moreover, the record indicates the interviewers scored Tomkoski higher than Galli because of her superior answers to interview questions. *Id.* at 90a-96a, 223a-26a, 247a-251a. Wiernusz's testimony is illustrative of this point:

> So my impression that I had of . . . Tomkoski was that she, you know, had experience in the field in intellectual disabilities, but also had worked through her career to seek leadership roles . . . . I believe, she had a Master's degree in Organizational Management, if I recall that correctly.
>
> And her responses were, generally, geared towards overall leadership and what would be the best for the department as well as consumers.
>
> . . . .
>
> . . . So [Galli's] experience was conveyed during the interview of which she does have a great number of years' experience, which was impressive. I also felt that her responses were more geared towards her

10

accomplishments throughout her career and not so much on the organization moving forward.

*Id.* at 224a-26a.

Significantly, none of the interview questions involved Tomkoski's previous experience in the Deputy Administrator 2 position. R.R. at 637a-72a. The interviewers' score sheets, although often difficult to read, suggest Tomkoski mentioned her experience in that position while responding to two questions: "Share your training and experience in a managerial position," and "How would you rate your organizational skills on a scale of 1-5? Give examples of why you would give yourself that rating." *See id.* at 637a, 643a, 645a, 649a. Wiernusz acknowledged he considered Tomkoski's experience as Deputy Administrator 2 while scoring her. *Id.* at 230a-31a. Roselle acknowledged making a note about Tomkoski's experience. *Id.* at 253a-54a ("I don't recall if it was specifically taken into consideration, but I did make a note that she said that.").

In addressing this issue, the Commission explained there was no authority that prevented Tomkoski from mentioning her Deputy Administrator 2 experience during the interview, and Tomkoski would still have received the higher score even if the questions were eliminated.[5] R.R. at 28a-29a. Galli does not challenge the Commission's explanation, but merely suggests discrimination was self-evident. *See* Galli's Br. at 18 ("Wiernusz literally considered Tomkoski's work as a Deputy Administrator 2 in scoring Tomkoski against Galli, who was improperly denied the position, creating an inherent bias"). Without more, we cannot conclude the second

---

[5] The score sheets are available in the record. *See* R.R. at 637a-72a. Zezza gave Tomkoski a score of 72 and Galli a score of 64. Eliminating the two scores would result in a score of 62 for Tomkoski and 56 for Galli. Wiernusz gave Tomkoski a score of 79 and Galli a score of 74. Eliminating the two scores would result in a score of 70 for Tomkoski and 66 for Galli. Roselle gave Tomkoski a score of 75 and Galli a score of 67. Eliminating the two scores would result in a score of 66 for Tomkoski and 59 for Galli.

11

interview panel lacked neutrality in violation of the February 21, 2020 adjudication and order.

### III. Conclusion

We reiterate that the Commission is the fact-finder in this proceeding, and the Court cannot second-guess the Commission's credibility determinations or the way it resolves conflicts in the evidence. *Bosnjak*, 781 A.2d at 1286. The Commission concluded Galli failed to present sufficient evidence of discrimination and, even if she did, non-discriminatory reasons existed for Employer's actions.[6] Our review of the record supports the Commission's findings and conclusions. Accordingly, we affirm the Commission's May 24, 2023 adjudication and order.

_____

STACY WALLACE, Judge

Judge Dumas did not participate in the decision of this case.

---

[6] Galli argues the Commission simply accepted Employer's non-discriminatory reasons without evaluating all the evidence under a preponderance of the evidence standard. *See* Galli's Br. at 21; *Moore*, 922 A.2d at 85. We are satisfied the Commission evaluated the evidence as required, given that it made credibility determinations and findings of fact in favor of Employer. *See, e.g.,* R.R. at 17a ("There is no evidence the interview panel prejudged the candidates . . . . Indeed, all three interview panelists credibly testified to the contrary.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Euginia A. Galli,                                  :
                              Petitioner           :
                                                   :
        v.                                         : No.  656 C.D. 2023
                                                   :
Luzerne-Wyoming County Mental                      :
Health and Developmental Services                  :
and Amy Tomkoski (State Civil                      :
Service Commission),                               :
                           Respondents  :

# **O R D E R**

    **AND NOW**, this 5th day of June 2024, the adjudication and order of the State Civil Service Commission, mailed May 24, 2023, is **AFFIRMED**.

 

_____

STACY WALLACE, Judge